UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 4:23-CR-00624-SEP |
| v. | ) |
| | ) |
| TERRON BROWN, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SENTENCING MEMORANDUM
REQUESTING A DOWNWARD VARIANCE**

Terron Brown, through counsel, submits this Sentencing Memorandum for the Court's consideration in support of a sentence of thirty-three (33) months. This sentence reflects the nature and circumstances of Terron's offense, his history and characteristics, the need for punishment and deterrence, and is sufficient but not greater than necessary to serve the purposes of sentencing set forth in 18 U.S.C. §3553(a).

**Doodles on a computer should not be grounds for doubling Defendant's Sentence**

The Parties agreed in the plea agreement that Defendant should receive an eighteen (18) point enhancement under USSG §2B1.1(b)(1)(J) as the *intended* loss was more than $3,500,000, but less than $9,500,000 as it would have been a fool's errand due to existing case law for Defendant to say that the intended loss did not consist of the almost $4,000,000+ worth of various drafts of electronic counterfeit checks that were found on his laptop when law enforcement seized it when he was arrested. The fact of the matter is that he had it on his laptop, he took responsibility for it, and under a sentencing guidelines calculations format Defendant does not disagree that it would count as "intended" loss. However, under the plea agreement the Parties entered into, Defendant is also allowed to request a sentence below the 72-months the prosecution is recommending in this matter.

The primary basis for this downward variance request is for the Court to take into consideration the *actual* intended loss of the checks that were deposited into the victim banks and not the 'doodles and drafts' of electronic version of checks that Defendant was experimenting with on his computer that Counsel has no idea if they are being double-counted or if they are even viable fraudulent checks (ie. routing & account numbers, signatures, etc). As stated in the Presentence Report, Defendant and his co-conspirators deposited at least $116,834.22 worth of forged and fraudulent checks with the victim banks. Using this number, according to USSG §2B1.1(E), this would be an increase of 8 levels. This would decrease Defendant's Total Offense Level to a 20 and with a Criminal History Category of I (as Defendant has zero criminal history points) the sentencing range would be 33-41 months.

To put it further into perspective, according to the PSR, the *actual* loss in this matter was $29,562.97. Under USSG §2B1.1(C), this would be an increase of 4 levels. This would decrease Defendant's Total Offense Level to 16 with a sentencing range of 21-27 months. Defense Counsel only points that out to show the Court that there is a tremendous difference between the actual loss that occurred here, what was actually attempted in the deposits with the bank and the numerous electronic experiments and drafts that were saved on a computer that were never going to be actually used but account for a significant amount of the Sentencing Guidelines calculations in this case as *intended loss*, which should not be the case.

### Defendant's Personal Background and Characteristics

Defendant is an extremely bright and charismatic individual as is evidenced by the numerous letters in support that have been submitted on his behalf. Defendant went to a very good high school and was able to stay out of trouble, which a lot of young males in an urban environment are not as fortunate to be able to accomplish. He had a bright future, but he used his intelligence and skills for

a nefarious purpose. He is smart enough to learn from his mistakes and to know that this is not the future he wants for himself. He will overcome this major obstacle that he has put before himself. He will utilize the time he will spend in the Bureau of Prisons to the best of his ability so that when he gets out he will get back to where he was before he got involved in this nonsense and start back up making a better life for himself and his family.

The letters submitted to the Court explain better the man and the person that Terron truly is and he hopes that the Court sees that and not just the criminal who made all these checks and had people cash them because he got greedy and desperate. He wants to get a good job when he gets out. He has a strong network of support and he will reach out to them once he does his time. He just hope that the Court grants this request for a downward variance and uses the calculation for the actual intended loss and not just what was found on his computer.

Defendant's request for a sentence of 33-months is a significant sentence for a person who has never been incarcerated previously and has no criminal history. He is now and will forever be a "convicted felon". In addition to a prison sentence, this label in and of itself is a significant punishment. A 33-month sentence will serve as both a specific deterrence to Terron to never commit this sort of offense again, but as well as a general deterrence to those in the St. Louis area to not get involved in these check cashing schemes as they will land you in prison- and an almost 3-year prison stint is nothing to scoff at for cashing checks. Lastly, a 33-month sentence for this sort of non-violent offense is sufficient but not greater than necessary to serve the purposes of sentencing set forth in 18 U.S.C. §3553(a).

WHEREFORE, for the following reasons, Defendant respectfully requests that this Court grant his request for a downward variance and sentence him to 33-months in the Bureau of Prisons.

        Respectfully submitted,

        RADEFELD LAW GROUP, LLC.


        By  */s/ Matthew A. Radefeld*
           MATTHEW A. RADEFELD (#52288MO)
           Attorney for Defendant
           7711 Bonhomme Ave., Suite 710
           Clayton, Missouri 63105
           Telephone: (314) 341-0374
           E-mail: matthew@radlaw.org


## **CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Mr. Jonathan Clow
Asst. United States Attorney

        */s/ Matthew A. Radefeld*
        MATTHEW A. RADEFELD